Gregory G. Barnett
Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AXA WINTERTHUR a/s/o PLATIN KIMYA
MUMESSILLIK ve Dis Ticaret Ltd                    16 Civ.

    Plaintiff,
                                                  **COMPLAINT**

- against -

ZIM INTEGRATED SHIPPING SERVICES, LTD.
and UNITED SHIPPING LINES, INC.

    Defendant.
------------------------------------------------------------X

Plaintiff, AXA WINTERTHUR a/s/o PLATIN KIMYA MUMESSILLIK ve Dis Ticaret Ltd by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

2. At all material times, AXA Winterthur (hereinafter "AXA") was and is a corporation with an office and place of business located at CH. De Primerose 11 Case Postale 7753 CH-1002 Lausanne Switzerland, and is the subrogated underwriter of a consignment of bagged methomyl, as more specifically described below.

3. Platin Kimya Mumessillik ve Dis Ticaret Ltd. (hereinafter "Platin") was and is a corporation with an office and place of business located at Ahi Evran Cad. Polaris Plaza No:1/26 Kat:5 Maslak Istanbul 34398 Turkey, and was the consignee, owner, owner pro hac vice of a shipment of bagged methomyl, as more specifically described below.

4. At all material times, defendant, Zim Integrated Shipping Services, Ltd. (hereinafter "Zim") was and is a corporation with an office and place of business located at 5801 Lake Wright Drive, Norfolk, VA 23502 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

5. At all material times, defendant, United Shipping Lines (hereinafter "United") was and is a corporation with an office and place of business located at 3300 South Parker Road; Suite 207 Aurora, Co 80014 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

7. On or about February 6, 2015 a consignment consisting of 240 bags of bagged methomyl was loaded into ZIM container number ZCSU 275242-9 and thereupon was delivered to the defendants and/or their agents and the M/V ZIM UKRAYINA in Shanghai, China then being in good order and condition, all in consideration of an agreed upon freight for transportation to Antalya, Turkey and pursuant to applicable bills of lading, including SHFANT152096 dated February 5, 2015.

8. The container was transshipped to the M/V WANDA at Haifa, Israel and arrived and discharged in Antalya, Turkey on March 17, 2015.

9. On or about April 1, 2015 the consignment of bagged methomyl was delivered to the consignee, Platin in Antalya, Turkey.

10. Upon delivery, it was discovered that the bagged methomyl had sustained physical damage in the form of wetting.

11. The damages sustained were calculated to be $63,940.80.

12. At all times relevant hereto, a contract of insurance for property damage was in effect with AXA, which provided coverage for, among other things, loss or damage to the consignment.

13. Pursuant to the aforementioned contract of insurance, monies have been expended on behalf of Platin and to the detriment of AXA due to the damages sustained during transit.

14. As AXA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendant, AXA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

15. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $63,940.80.

### AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

16. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 15, inclusive, as if herein set forth at length.

17. Pursuant to the contracts entered into between the parties, defendants owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver

the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

18. The defendants breached their contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

19. As a direct and proximate result of said breach of contract by defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $63,940.80.

20. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $63,940.80.

### AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

21. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 20, inclusive, as if herein set forth at length.

22. Pursuant to their obligations as bailees for hire of the Plaintiff's cargo, the defendants owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

23. The defendants breached their duties as bailees for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

24. As a direct and proximate result of the breach of bailment by the Defendants, the Plaintiff has suffered damages in the approximate amount of $63,940.80.

25. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $63,940.80.

### AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

26. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 25, inclusive, as if herein set forth at length.

27. The Defendants owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

28. The Defendants breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendants provided their container to plaintiff and/or first accepted custody and control of the goods.

29. As a direct and proximate result of the negligence by the Defendants, the Plaintiff has suffered damages in the approximate amount of $63,940.80.

30. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $63,940.80.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants, joint and severally, for the amount of Plaintiff's damages in the amount of at least $63,940.80, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
March 16, 2016

                                            CASEY & BARNETT, LLC
                                            Attorneys for Plaintiff

By: _/s/ Gregory Barnett_____
        Gregory G. Barnett
        Martin F. Casey
        305 Broadway, Ste 1202
        New York, New York 10010
        (212) 286-0225